# 25-3047

---

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---

MARISOL ARROYO-CASTRO,

*Appellant*,

*v.*

ANTHONY GASPER, ET AL.,

*Appellees*.

---

On Appeal from U.S. District Court for the District of Connecticut,
No. 3:25-cv-00153-SFR

---

**JOINT APPENDIX
VOLUME 1 OF 3 (JA1 THROUGH JA55)**

---

JEFFREY C. MATEER
DAVID J. HACKER
JEREMIAH G. DYS
HOLLY M. RANDALL
FIRST LIBERTY INSTITUTE
2001 W. Plano Pkwy, Suite 1600
Plano, TX 75075
(972) 941-4444

REBECCA R. DUMMERMUTH
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave, NW, Suite 1410
Washington, DC 20037
(202) 921-4105

MATTHEW T. MARTENS
KEVIN M. GALLAGHER
DONNA M. FARAG
JONATHAN W. ELLISON
ANDREW NELL
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Ave, NW
Washington, DC 20037
(202) 663-6921

ROBERT KINGSLEY SMITH
JAYNE HOLLOWAY MORRIS
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State St.
Boston, MA 02109
(617) 526-6759

March 18, 2026

# APPENDIX

# TABLE OF CONTENTS

Page

**VOLUME 1**

Docket Report, No. 25-cv-00153...........................................................................JA1

Complaint, Dkt. 1 (Jan. 30, 2025)........................................................................JA13

**VOLUME 2**

Declaration of Marisol Arroyo-Castro in Support of Motion for
    Preliminary Injunction, Dkt. 38-2 (Mar. 14, 2025)..................................JA56

    Exhibit A to Declaration of Marisol Arroyo-Castro in Support
        of Motion for Preliminary Injunction, Dkt. 38-3
        (Mar. 14, 2025).....................................................................JA67

    Exhibit B to Declaration of Marisol Arroyo-Castro in Support
        of Motion for Preliminary Injunction, Dkt. 38-4
        (Mar. 14, 2025).....................................................................JA69

    Exhibit C to Declaration of Marisol Arroyo-Castro in Support
        of Motion for Preliminary Injunction, Dkt. 38-5
        (Mar. 14, 2025).....................................................................JA79

    Exhibit D to Declaration of Marisol Arroyo-Castro in Support
        of Motion for Preliminary Injunction, Dkt. 38-6
        (Mar. 14, 2025).....................................................................JA81

    Exhibit E to Declaration of Marisol Arroyo-Castro in Support
        of Motion for Preliminary Injunction, Dkt. 38-7
        (Mar. 14, 2025).....................................................................JA84

Declaration of Matthew T. Martens in Support of Motion for
    Preliminary Injunction, Dkt. 38-8 (Mar. 14, 2025)................................JA87

i

Exhibit A to Declaration of Matthew T. Martens in Support of
Motion for Preliminary Injunction, Dkt. 38-9
(Mar. 14, 2025) ................................................................... JA89

Exhibit B to Declaration of Matthew T. Martens in Support of
Motion for Preliminary Injunction, Dkt. 38-10
(Mar. 14, 2025) ................................................................... JA98

Exhibit C to Declaration of Matthew T. Martens in Support of
Motion for Preliminary Injunction, Dkt. 38-11
(Mar. 14, 2025) ................................................................. JA100

Answer and Affirmative Defenses, Dkt. 51 (Apr. 14, 2025) ............................ JA119

Declaration of Maryellen Manning in Support of Opposition to
Motion for Preliminary Injunction, Dkt. 50-1 (Apr. 14, 2025) .............. JA140

Exhibit A to Declaration of Maryellen Manning in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-1 (Apr. 14, 2025) ................................................. JA145

Exhibit B to Declaration of Maryellen Manning in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-1 (Apr. 14, 2025) ................................................. JA153

Declaration of Andrew Mazzei in Support of Opposition to Motion for
Preliminary Injunction, Dkt. 50-2 (Apr. 14, 2025) ................................ JA161

Exhibit A to Declaration of Andrew Mazzei in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-2 (Apr. 14, 2025) ................................................. JA166

Exhibit B to Declaration of Andrew Mazzei in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-2 (Apr. 14, 2025) ................................................. JA176

Exhibit C to Declaration of Andrew Mazzei in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-2 (Apr. 14, 2025) ................................................. JA181

ii

Exhibit D to Declaration of Andrew Mazzei in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-2 (Apr. 14, 2025)...............................................................JA183

Declaration of Ayla Duve in Support of Opposition to Motion for
Preliminary Injunction, Dkt. 50-3 (Apr. 14, 2025) ................................JA185

**VOLUME 3**

Declaration of Eric Del Pozo in Support of Opposition to Motion for
Preliminary Injunction, Dkt. 50-4 (Apr. 14, 2025) ...............................JA187

Exhibit A to Declaration of Eric Del Pozo in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-4 (Apr. 14, 2025)...............................................................JA189

Exhibit B to Declaration of Eric Del Pozo in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-4 (Apr. 14, 2025)...............................................................JA191

Exhibit C to Declaration of Eric Del Pozo in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-4 (Apr. 14, 2025)...............................................................JA194

Exhibit D to Declaration of Eric Del Pozo in Support of
Opposition to Motion for Preliminary Injunction,
Dkt. 50-4 (Apr. 14, 2025)...............................................................JA196

Corrected Exhibit D to Declaration of Eric Del Pozo in Support
of Opposition to Motion for Preliminary Injunction,
Dkt. 64 (May 13, 2025)..................................................................JA199

Supplemental Declaration of Marisol Arroyo-Castro in Support of
Reply to Opposition to Motion for Preliminary Injunction, Dkt.
60-1 (May 2, 2025)........................................................................JA210

Transcript of Oral Argument on Motion for Preliminary Injunction,
Dkt. 72 (May 13, 2025) ..................................................................JA215

Defendants' Third Notice of Supplemental Authority, Dkt. 82 (Aug.
27, 2025)......................................................................................JA311

iii

Plaintiff's Response to Defendants' Third Notice of Supplemental
Authority, Dkt. 83 (Aug. 28, 2025) ......................................................... JA314

Plaintiff's Notice of Appeal, Dkt. 89 (Dec. 3, 2025) ...................................... JA319

APPEAL,EFILE,MEG,RAR,REFCNF

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:25-cv-00153-SFR

| | |
|---|---|
| Arroyo-Castro v. Gasper et al | Date Filed: 01/30/2025 |
| Assigned to: Judge Sarah F. Russell | Jury Demand: None |
| Referred to: Judge Robert A. Richardson (Settlement) | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Marisol Arroyo-Castro**          represented by    **A. William Caporizzo**
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6411
Email: william.caporizzo@wilmerhale.com
*TERMINATED: 05/06/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul H. McConnell**
The Doctor Lawyer Team, LLC
638 Prospect Avenue
Hartford, CT 06105
860-681-6441
Fax: 860-967-3412
Email: paul@doctorlawyerteam.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alyssa DaCunha**
2100 Pennsylvania Avenue NW
Washington, DC 20037
202-663-6454
Email: alyssa.dacunha@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremiah G. Dys**
First Liberty Institute
2001 W. Plano Parkway
Suite 1600
Plano, TX 75075
469-440-7585
Fax: 972-941-4457
Email: JDys@firstliberty.org
*PRO HAC VICE*

**JA1**

*ATTORNEY TO BE NOTICED*

**Jonathan Ellison**
2100 Pennsylvania Avenue NW
Washington, DC 20037
202-663-6229
Email: jonathan.ellison@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Keisha Russell**
First Liberty Institute
2001 W. Plano Pkwy
Ste 1600
Plano, TX 75075
972-941-4444
Fax: 972-941-4457
Email: KRussell@FirstLiberty.org
*TERMINATED: 12/05/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew T. Martens**
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Ave, NW
Washington, DC 20037
202-663-6921
Email: matthew.martens@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Piazza**
702 Ash Street
Ste 409
San Diego, CA 92101
818-857-6251
Email: paul.piazza@wilmerhale.com
*TERMINATED: 08/01/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Dummermuth**
First Liberty Institute
1331 Pennsylvania Avenue NW
Ste 1410
Washington, DC 20004
202-506-4598
Fax: 972-941-4457
Email: bdummermuth@firstliberty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

JA2

**Defendant**

**Anthony Gasper**
*in his individual and official capacity*

represented by **Eric Del Pozo**
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
860-251-5332
Email: edelpozo@goodwin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Joseph Murphy**
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
860-251-5950
Fax: 860-251-5316
Email: pjmurphy@goodwin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Niemiroski**
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
860-251-5070
Email: sniemiroski@goodwin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maryellen Manning**
*in her individual and official capacity*

represented by **Eric Del Pozo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Joseph Murphy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Niemiroski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dario Soto**
*in his individual and official capacity*

represented by **Eric Del Pozo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Joseph Murphy**
(See above for address)

**JA3**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Niemiroski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrew Mazzei**
*in his individual and official capacity*

represented by **Eric Del Pozo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Joseph Murphy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Niemiroski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/30/2025 | 1 | COMPLAINT against Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto ( Filing fee $405 receipt number ACTDC-8050241.), filed by Marisol Arroyo-Castro. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Civil Cover Sheet)(Caporizzo, A. William) (Entered: 01/30/2025) |
| 01/30/2025 | | Request for Clerk to issue summons as to Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto. (Caporizzo, A. William) (Entered: 01/30/2025) |
| 01/30/2025 | 2 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 1/30/25.(Hushin, Z.) (Entered: 01/31/2025) |
| 01/30/2025 | | Judge Sarah F. Russell and Judge Maria E. Garcia added. (Freberg, B) (Entered: 01/31/2025) |
| 01/30/2025 | 3 | Order on Pretrial Deadlines: Amended Pleadings due by 3/31/2025, Discovery due by 8/1/2025, Dispositive Motions due by 9/5/2025. Signed by Clerk on 1/30/2025.(Imbriani, S) (Entered: 01/31/2025) |
| 01/30/2025 | 4 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by District Judge Sarah F. Russell on 1/30/2025.(Imbriani, S) (Entered: 01/31/2025) |
| 01/30/2025 | 5 | Standing Protective Order Signed by District Judge Sarah F. Russell on 1/30/2025.(Imbriani, S) (Entered: 01/31/2025) |

**JA4**

| 01/30/2025 | 6 | Notice of Option to Consent to Magistrate Judge Jurisdiction. (Imbriani, S) (Entered: 01/31/2025) |
|---|---|---|
| 01/31/2025 | 7 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 5 Standing Protective Order, 6 Notice of Option to Consent to Magistrate Judge Jurisdiction, 3 Order on Pretrial Deadlines, 2 Notice re: Disclosure Statement, 4 Electronic Filing Order, 1 Complaint, filed by Marisol Arroyo-Castro Signed by Clerk on 1/31/2025.(Imbriani, S) (Entered: 01/31/2025) |
| 01/31/2025 | 8 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto* with answer to complaint due within *21* days. Attorney *A. William Caporizzo* *Wilmer Cutler Pickering Hale and Dorr LLP* *60 State Street* *Boston, MA 02109*. (Imbriani, S) (Entered: 01/31/2025) |
| 01/31/2025 | 9 | MOTION for Attorney(s) Matthew Martens to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-8051570) by Marisol Arroyo-Castro. (Attachments: # 1 Martens Certificate of Good Standing)(Caporizzo, A. William) (Entered: 01/31/2025) |
| 01/31/2025 | 10 | MOTION for Attorney(s) Alyssa DaCunha to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-8051578) by Marisol Arroyo-Castro. (Attachments: # 1 DaCunha Certificate of Good Standing)(Caporizzo, A. William) (Entered: 01/31/2025) |
| 01/31/2025 | 11 | MOTION for Attorney(s) Paul Piazza to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-8051580) by Marisol Arroyo-Castro. (Attachments: # 1 Piazza Certificate of Good Standing)(Caporizzo, A. William) (Entered: 01/31/2025) |
| 01/31/2025 | 12 | MOTION for Attorney(s) Jonathan Ellison to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-8051581) by Marisol Arroyo-Castro. (Attachments: # 1 Ellison Certificate of Good Standing)(Caporizzo, A. William) (Entered: 01/31/2025) |
| 02/03/2025 | 13 | ORDER granting 9 Motion to Appear Pro Hac Vice for Attorney Matthew Martens. Signed by Clerk on 2/3/2025. (Chartier, A.) (Entered: 02/03/2025) |
| 02/03/2025 | 14 | ORDER granting 10 Motion to Appear Pro Hac Vice for Attorney Alyssa DaCunha. Signed by Clerk on 2/3/2025. (Chartier, A.) (Entered: 02/03/2025) |
| 02/03/2025 | 15 | ORDER granting 11 Motion to Appear Pro Hac Vice for Attorney Paul Piazza. Signed by Clerk on 2/3/2025. (Chartier, A.) (Entered: 02/03/2025) |
| 02/03/2025 | 16 | ORDER granting 12 Motion to Appear Pro Hac Vice for Attorney Jonathan Ellison. Signed by Clerk on 2/3/2025. (Chartier, A.) (Entered: 02/03/2025) |
| 02/04/2025 | 17 | MOTION for Attorney(s) Rebecca R. Dummermuth to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-8053825) by Marisol Arroyo-Castro. (Attachments: # 1 Dummermuth Certificate of Good Standing)(Caporizzo, A. William) (Entered: 02/04/2025) |
| 02/04/2025 | 18 | MOTION for Attorney(s) Jeremiah G. Dys to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-8053836) by Marisol Arroyo-Castro. (Attachments: # 1 Dys Certificate of Good Standing)(Caporizzo, A. William) (Entered: 02/04/2025) |
| 02/04/2025 | 19 | MOTION for Attorney(s) Keisha T. Russell to be Admitted Pro Hac Vice (paid $200 PHV fee; receipt number ACTDC-8053854) by Marisol Arroyo-Castro. (Attachments: # 1 Russell Certificate of Good Standing)(Caporizzo, A. William) (Entered: 02/04/2025) |

JA5

| 02/06/2025 | 20 | ORDER denying without prejudice Motions to Appear Pro Hac Vice for Attorneys Rebecca R. Dummermuth, Jeremiah G. Dys, and Keisha T. Russell 17 18 19 . Motions do not comply with LR 83.1(e)(1)(b). Signed by District Judge Sarah F. Russell on 02/06/2025. (Neier, S) (Entered: 02/06/2025) |
|---|---|---|
| 02/10/2025 | 21 | MOTION for Attorney(s) Rebecca R. Dummermuth to be Admitted Pro Hac Vice (includes a request to waive the fee) by Marisol Arroyo-Castro. (Attachments: # 1 Dummermuth Certificate of Good Standing)(Caporizzo, A. William) (Entered: 02/10/2025) |
| 02/10/2025 | 22 | MOTION for Attorney(s) Jeremiah G. Dys to be Admitted Pro Hac Vice (includes a request to waive the fee) by Marisol Arroyo-Castro. (Attachments: # 1 Dys Certificate of Good Standing)(Caporizzo, A. William) (Entered: 02/10/2025) |
| 02/10/2025 | 23 | MOTION for Attorney(s) Keisha T. Russell to be Admitted Pro Hac Vice (includes a request to waive the fee) by Marisol Arroyo-Castro. (Attachments: # 1 Russell Certificate of Good Standing)(Caporizzo, A. William) (Entered: 02/10/2025) |
| 02/11/2025 | 24 | ORDER granting 21 Motion to Appear Pro Hac Vice for Attorney Rebecca R. Dummermuth. Signed by Clerk on 2/11/2025. (Chartier, A.) (Entered: 02/11/2025) |
| 02/11/2025 | 25 | ORDER granting 22 Motion to Appear Pro Hac Vice for Attorney Jeremiah G. Dys. Signed by Clerk on 2/11/2025. (Chartier, A.) (Entered: 02/11/2025) |
| 02/11/2025 | 26 | ORDER granting 23 Motion to Appear Pro Hac Vice for Attorney Keisha T. Russell. Signed by Clerk on 2/11/2025. (Chartier, A.) (Entered: 02/11/2025) |
| 02/13/2025 | 27 | NOTICE of Appearance by Rebecca Dummermuth on behalf of Marisol Arroyo-Castro (Dummermuth, Rebecca) (Entered: 02/13/2025) |
| 02/13/2025 | 28 | NOTICE of Appearance by Keisha Russell on behalf of Marisol Arroyo-Castro (Russell, Keisha) (Entered: 02/13/2025) |
| 02/13/2025 | 29 | NOTICE of Appearance by Jeremiah G. Dys on behalf of Marisol Arroyo-Castro (Dys, Jeremiah) (Entered: 02/13/2025) |
| 02/19/2025 | 30 | NOTICE of Appearance by Peter Joseph Murphy on behalf of Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto (Murphy, Peter) (Entered: 02/19/2025) |
| 02/19/2025 | 31 | NOTICE of Appearance by Eric Del Pozo on behalf of Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto (Del Pozo, Eric) (Entered: 02/19/2025) |
| 02/21/2025 | 32 | WAIVER OF SERVICE Returned Executed as to Dario Soto waiver sent on 1/31/2025, answer due 4/1/2025; Maryellen Manning waiver sent on 1/31/2025, answer due 4/1/2025; Anthony Gasper waiver sent on 1/31/2025, answer due 4/1/2025; Andrew Mazzei waiver sent on 1/31/2025, answer due 4/1/2025 filed by Marisol Arroyo-Castro. (Caporizzo, A. William) (Entered: 02/21/2025) |
| 02/21/2025 | 33 | NOTICE of Appearance by Matthew T. Martens on behalf of Marisol Arroyo-Castro (Martens, Matthew) (Entered: 02/21/2025) |
| 02/21/2025 | 34 | NOTICE of Appearance by Alyssa DaCunha on behalf of Marisol Arroyo-Castro (DaCunha, Alyssa) (Entered: 02/21/2025) |
| 02/21/2025 | 35 | NOTICE of Appearance by Jonathan Ellison on behalf of Marisol Arroyo-Castro (Ellison, Jonathan) (Entered: 02/21/2025) |
| 02/21/2025 | 36 | NOTICE of Appearance by Paul Piazza on behalf of Marisol Arroyo-Castro (Piazza, Paul) (Entered: 02/21/2025) |

JA6

| 02/21/2025 | 37 | CERTIFICATE OF SERVICE by Marisol Arroyo-Castro re 7 Electronic Service Documents, (Martens, Matthew) (Entered: 02/21/2025) |
|---|---|---|
| 03/14/2025 | 38 | MOTION for Preliminary Injunction by Marisol Arroyo-Castro.Responses due by 4/4/2025 (Attachments: # 1 Memorandum in Support, # 2 Declaration of Marisol Arroyo-Castro, # 3 Exhibit A to Arroyo-Castro Declaration, # 4 Exhibit B to Arroyo-Castro Declaration, # 5 Exhibit C to Arroyo-Castro Declaration, # 6 Exhibit D to Arroyo-Castro Declaration, # 7 Exhibit E to Arroyo-Castro Declaration, # 8 Declaration of Matthew T. Martens, # 9 Exhibit A to Martens Declaration, # 10 Exhibit B to Martens Declaration, # 11 Exhibit C to Martens Declaration, # 12 Text of Proposed Order)(Martens, Matthew) (Entered: 03/14/2025) |
| 03/19/2025 | 39 | NOTICE of Appearance by Sarah Niemiroski on behalf of Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto (Niemiroski, Sarah) (Entered: 03/19/2025) |
| 03/21/2025 | 40 | MOTION to Excuse Sponsoring Attorney by Marisol Arroyo-Castro.Responses due by 4/11/2025 (Caporizzo, A. William) (Entered: 03/21/2025) |
| 03/23/2025 | 41 | NOTICE of Appearance by Paul H. McConnell on behalf of Marisol Arroyo-Castro *in addition to listed counsel of record* (McConnell, Paul) (Entered: 03/23/2025) |
| 03/23/2025 | 42 | MOTION for for Paul McConnell to be designated as local counsel Order by Marisol Arroyo-Castro. (McConnell, Paul) (Entered: 03/23/2025) |
| 03/24/2025 | 43 | SCHEDULING ORDER. The parties shall appear for a remote status conference via Zoom on **March 25, 2025, at 3:00 PM**. A separate calendar entry shall follow. Signed by Judge Sarah F. Russell on 03/24/2025.(Neier, S) (Entered: 03/24/2025) |
| 03/24/2025 | 44 | NOTICE regarding hearing via Zoom: The Status Conference scheduled for 3/25/2025 at 03:00 PM will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666 US (New York)<br><br>Meeting ID: 160 114 8676<br><br>Meeting Password: 805213<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br><br>Status Conference set for 3/25/2025 at 03:00 PM via Zoom before Judge Sarah F. Russell. (Imbriani, S) (Entered: 03/24/2025) |
| 03/24/2025 | 45 | ORDER granting Motion to Excuse Sponsoring Attorney 40 . Attorney A. William Caporizzo is excused from future court appearances. Signed by Judge Sarah F. Russell on |

JA7

| | | |
|---|---|---|
| | | 03/24/2025. (Neier, S) (Entered: 03/24/2025) |
| 03/24/2025 | 46 | ORDER granting Motion for Order: Replace Local Counsel Designee 42 . Attorney Paul H. McConnell shall be designated as local counsel for all Plaintiff's out-of-state counsel in place of Attorney A. William Caporizzo. Signed by Judge Sarah F. Russell on 03/24/2025. (Neier, S) (Entered: 03/24/2025) |
| 03/25/2025 | 47 | Minute Entry for proceedings held before Judge Sarah F. Russell: Status Conference via Zoom held on 3/25/2025. Total time: 10 minutes (Court Reporter Terri Fidanza.) (Imbriani, S) (Entered: 03/26/2025) |
| 04/02/2025 | 48 | SCHEDULING ORDER. Regarding Plaintiff's Motion for Preliminary Injunction 38 , Defendants shall file a response on or before **April 14, 2025**. Plaintiff shall file any reply on or before **May 2, 2025**. The parties shall submit a joint status report to the court on or before **April 18, 2025** stating if they request an evidentiary hearing on the Motion for Preliminary Injunction and if discovery is required in advance of the hearing. If an evidentiary hearing is not required, the court will nonetheless hold oral argument on the motion.<br>Signed by Judge Sarah F. Russell on 04/02/2025.(Neier, S) (Entered: 04/02/2025) |
| 04/09/2025 | 49 | 26(f) NOTICE: The Court has reviewed the file in this case to monitor compliance with Local Rule 26(f). Local Rule 26(f) provides that, within thirty days after the appearance of any defendant, the attorneys of record and any unrepresented parties must confer for purposes described in Fed. R. Civ. P. 26(f). Local Rule 26(f) further provides that, within fourteen days after the conference, the participants must jointly file a report of the conference using Form 26(f). It appears that more than forty-four days have passed since the appearance of a defendant in this case but no report has been filed. Accordingly, it is hereby ordered that the parties must file on or before **April 23, 2025**: (1) a written statement signed by all counsel of record demonstrating that this case is exempt from the requirement of filing a form 26(f) report; or (2) a form 26(f) report along with a written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties failure to comply with Local Rule 26(f). Failure to comply with this order will result in dismissal of the complaint.<br>Signed by Judge Sarah F. Russell on 04/09/2025.(Neier, S) (Entered: 04/09/2025) |
| 04/14/2025 | 50 | Memorandum in Opposition re 38 MOTION for Preliminary Injunction filed by Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto. (Attachments: # 1 Declaration of M. Manning, # 2 Declaration of A. Mazzei, # 3 Declaration of A. Duve, # 4 Declaration of E. Del Pozo)(Del Pozo, Eric) (Entered: 04/14/2025) |
| 04/14/2025 | 51 | ANSWER to 1 Complaint, with Affirmative Defenses by Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto.(Del Pozo, Eric) (Entered: 04/14/2025) |
| 04/18/2025 | 52 | Joint STATUS REPORT by Marisol Arroyo-Castro. (Martens, Matthew) (Entered: 04/18/2025) |
| 04/22/2025 | 53 | SCHEDULING ORDER. Oral argument on Plaintiff's Motion for a Preliminary Injunction 38 is set for **May 13, 2025 at 10:00 AM**. A separate calendar entry will follow.<br>Signed by Judge Sarah F. Russell on 04/22/2025.(Neier, S) (Entered: 04/22/2025) |
| 04/22/2025 | 54 | MOTION for *Order to* Excuse local counsel from Oral Argument on May 13th Order by Marisol Arroyo-Castro. (McConnell, Paul) (Entered: 04/22/2025) |
| 04/22/2025 | 55 | NOTICE OF E-FILED CALENDAR re: 38 MOTION for Preliminary Injunction . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br>Motion Hearing set for 5/13/2025 at 10:00 AM in Courtroom Four-Annex, 915 Lafayette Blvd., Bridgeport, CT before Judge Sarah F. Russell. (Imbriani, S) (Entered: 04/23/2025) |

**JA8**

| 04/23/2025 | 56 | NOTICE OF E-FILED CALENDAR re: 38 MOTION for Preliminary Injunction . THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 5/13/2025 at 10:00 AM* Motion Hearing set for 5/13/2025 at 02:00 PM in Courtroom Four-Annex, 915 Lafayette Blvd., Bridgeport, CT before Judge Sarah F. Russell. (Imbriani, S) (Entered: 04/23/2025) |
|---|---|---|
| 04/23/2025 | 57 | Joint NOTICE by Marisol Arroyo-Castro */ Joint Statement Regarding Local Rule 26(f) Notice* (Martens, Matthew) (Entered: 04/23/2025) |
| 04/23/2025 | 58 | Joint REPORT of Rule 26(f) Planning Meeting. (Martens, Matthew) (Entered: 04/23/2025) |
| 04/30/2025 | 59 | ORDER granting Motion to Excuse Local Counsel from Oral Argument on May 13, 2025 54 . Signed by Judge Sarah F. Russell on 04/30/2025. (Neier, S) (Entered: 04/30/2025) |
| 05/02/2025 | 60 | REPLY to Response to 38 MOTION for Preliminary Injunction filed by Marisol Arroyo-Castro. (Attachments: # 1 Supplemental Declaration of Marisol Arroyo-Castro)(Martens, Matthew) (Entered: 05/02/2025) |
| 05/05/2025 | 61 | MOTION for A. William Caporizzo to Withdraw as Attorney by Marisol Arroyo-Castro. (Caporizzo, A. William) (Entered: 05/05/2025) |
| 05/06/2025 | 62 | ORDER granting Motion to Withdraw 61 . Given Attorney Paul H. McConnell will continue as counsel to Plaintiff Marisol Arroyo-Castro, the court grants the motion of Attorney A. William Caporizzo to withdraw as counsel. Attorney A. William Caporizzo is terminated from the action. Signed by Judge Sarah F. Russell on 05/06/2025. (Neier, S) (Entered: 05/06/2025) |
| 05/13/2025 | 63 | Minute Entry for proceedings held before Judge Sarah F. Russell: Motion Hearing held on 5/13/2025 re 38 MOTION for Preliminary Injunction filed by Marisol Arroyo-Castro. Total Time: 2 hours and 26 minutes (Court Reporter Terri Fidanza.) (Imbriani, S) (Entered: 05/14/2025) |
| 05/13/2025 | 64 | CORRECTED EXHIBIT D re 50 Memorandum in Opposition to Motion, (4) Declaration of E. Del Pozo. (Imbriani, S) (Entered: 05/14/2025) |
| 05/28/2025 | 65 | SCHEDULING ORDER. The parties shall appear for a telephonic status conference on **May 28, 2025 at 1:00 PM**. A separate calendar entry shall follow.<br>Signed by Judge Sarah F. Russell on 05/28/2025.(Neier, S) (Entered: 05/28/2025) |
| 05/28/2025 | | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Status Conference set for **5/28/2025 at 1:00 PM** before Judge Sarah F. Russell.<br><br>Conference Line: +1 203-684-6202<br><br>Conference ID: 780 755 00#<br>(Neier, S) (Entered: 05/28/2025) |
| 05/28/2025 | 66 | Minute Entry for proceedings held before Judge Sarah F. Russell: Telephonic Status Conference held on 5/28/2025. Total time: 11 minutes(Court Reporter Terri Fidanza.) (Imbriani, S) (Entered: 05/28/2025) |
| 05/28/2025 | 67 | ORDER REFERRING CASE to Magistrate Judge Robert A. Richardson for Settlement Conference.<br>Signed by Judge Sarah F. Russell on 5/28/2025. (Imbriani, S) (Entered: 05/28/2025) |
| 05/30/2025 | 68 | ORDER. Given the referral of this case to Judge Richardson for a settlement conference, the court finds good cause to delay issuing a scheduling order. *See* Fed. R. Civ. P. 16(b)(2). |

**JA9**

| | | |
|---|---|---|
| | | The parties shall exchange initial disclosures on or before **May 30, 2025**.<br>Signed by Judge Sarah F. Russell on 05/30/2025.(Neier, S) (Entered: 05/30/2025) |
| 06/02/2025 | 69 | ORDER re Settlement: The Court has set a pre-settlement conference for **Tuesday, June 10th, 2025 at 3:30 PM ET** with Judge Richardson. The parties have been provided the dial-in information over email.<br>Signed by Judge Robert A. Richardson on 6/2/2025.(Swann, J) (Entered: 06/02/2025) |
| 06/02/2025 | 70 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Pre-settlement Conference set for 6/10/2025 at 03:30 PM in Remote Setting before Judge Robert A. Richardson (Swann, J) (Entered: 06/02/2025) |
| 06/10/2025 | 71 | Minute Entry for proceedings held before Judge Robert A. Richardson: Pre-settlement Conference held on 6/10/2025. 12 minutes (Swann, J) (Entered: 06/10/2025) |
| 06/11/2025 | 72 | TRANSCRIPT of Proceedings: Type of Hearing: Oral Argument. Held on May 13, 2025 before Judge Sarah F. Russell. Court Reporter: Terri Fidanza. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 7/2/2025. Redacted Transcript Deadline set for 7/14/2025. Release of Transcript Restriction set for 9/9/2025. (Fidanza, T.) (Entered: 06/11/2025) |
| 06/12/2025 | 73 | ORDER re Settlement: The Court has set a settlement conference for **Wednesday, July 30th, 2025 at 10:30 AM ET** with Judge Richardson. See attached order.<br>Signed by Judge Robert A. Richardson on 6/12/2025.(Swann, J) (Entered: 06/12/2025) |
| 06/12/2025 | 74 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Settlement Conference set for 7/30/2025 at 10:30 AM in Remote Setting before Judge Robert A. Richardson (Swann, J) (Entered: 06/12/2025) |
| 07/10/2025 | 75 | NOTICE by Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto re 50 Memorandum in Opposition to Motion, (Del Pozo, Eric) (Entered: 07/10/2025) |
| 07/17/2025 | 76 | RESPONSE re 75 Notice (Other) by Marisol Arroyo-Castro. (Martens, Matthew) (Entered: 07/17/2025) |
| 07/30/2025 | 77 | Minute Entry for proceedings held before Judge Robert A. Richardson: Settlement Conference held on 7/30/2025. The case did not settle. Total Time: 3 hours and 52 minutes (Swann, J) (Entered: 07/30/2025) |
| 07/31/2025 | 78 | MOTION for Paul Piazza to Withdraw as Attorney by Marisol Arroyo-Castro. (Piazza, Paul) (Entered: 07/31/2025) |
| 08/01/2025 | 79 | ORDER granting 78 Motion to Withdraw as Attorney. Attorney Paul Piazza terminated. Signed by Judge Sarah F. Russell on 8/1/2025. (Lewis, D) (Entered: 08/01/2025) |

**JA10**

| | | |
|---|---|---|
| 08/15/2025 | 80 | Second NOTICE by Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto re 50 Memorandum in Opposition to Motion, (Del Pozo, Eric) (Entered: 08/15/2025) |
| 08/20/2025 | 81 | RESPONSE re 80 Notice (Other) by Marisol Arroyo-Castro/ *Response To Defendants' Second Notice of Supplemental Authority*. (Martens, Matthew) (Entered: 08/20/2025) |
| 08/27/2025 | 82 | Third NOTICE by Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto re 50 Memorandum in Opposition to Motion, (Del Pozo, Eric) (Entered: 08/27/2025) |
| 08/28/2025 | 83 | RESPONSE re 82 Notice (Other) by Marisol Arroyo-Castro - *Response To Defendants' Third Notice of Supplemental Authority*. (Martens, Matthew) (Entered: 08/28/2025) |
| 09/11/2025 | 84 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Telephonic Status Conference set for 9/18/2025 at 10:30 AM in Remote Setting before Judge Sarah F. Russell. Parties are directed to dial 203-684-6202, phone conference ID: 338 860 295# to participate. (Lewis, D) (Entered: 09/11/2025) |
| 09/18/2025 | 85 | Minute Entry for proceedings held before Judge Sarah F. Russell: Telephonic Status Conference held on 9/18/2025. Court will rule on Mot. for Prel. Inj., scheduling order held in abeyance until ruling issued. 09 minutes(Court Reporter Terri Fidanza.) (Lewis, D) (Entered: 09/18/2025) |
| 10/09/2025 | 86 | NOTICE by Marisol Arroyo-Castro *of Supplemental Authority* (Attachments: # 1 Exhibit A)(Martens, Matthew) (Entered: 10/09/2025) |
| 10/17/2025 | 87 | RESPONSE re 86 Notice (Other) filed by Anthony Gasper, Maryellen Manning, Andrew Mazzei, Dario Soto. (Del Pozo, Eric) (Entered: 10/17/2025) |
| 11/03/2025 | 88 | ORDER. For the reasons stated in the attached Opinion, Plaintiff's Motion for a Preliminary Injunction 38 is **DENIED**. Signed by Judge Sarah F. Russell on 11/03/2025. (Neier, S) (Entered: 11/03/2025) |
| 12/03/2025 | 89 | NOTICE OF APPEAL as to 88 Order on Motion for Preliminary Injunction by Marisol Arroyo-Castro. Filing fee $ 605, receipt number ACTDC-8421082. (Martens, Matthew) (Entered: 12/03/2025) |
| 12/04/2025 | 90 | MOTION for Keisha Russell to Withdraw as Attorney by Marisol Arroyo-Castro. (Russell, Keisha) (Entered: 12/04/2025) |
| 12/05/2025 | 91 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 89 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Chartier, A.) (Entered: 12/05/2025) |
| 12/05/2025 | 92 | ORDER granting 90 Motion to Withdraw as Attorney. Attorney Keisha Russell terminated. Signed by Judge Sarah F. Russell on 12/5/2025. (Lewis, D) (Entered: 12/05/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/17/2026 10:08:16 | | |
| **PACER Login:** | WHPacerjjk2025 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:25-cv-00153-SFR |

JA11

| Billable Pages: | 10 | Cost: | 1.00 |
|---|---|---|---|

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARISOL ARROYO-CASTRO<br>                    Plaintiff,<br><br>    vs.<br><br>ANTHONY GASPER, in his individual and official capacity; MARYELLEN MANNING, in her individual and official capacity; DARIO SOTO, in his individual and official capacity; and ANDREW MAZZEI, in his individual and official capacity,<br>                    Defendants. | Civil Action No. 3:25-cv-00153<br><br><br>**COMPLAINT** |

Plaintiff Marisol Arroyo-Castro, by and through the undersigned counsel, complains and alleges against Anthony Gasper, Dario Soto, Andrew Mazzei, and Maryellen Manning (collectively, "Defendants"), as follows:

## INTRODUCTION

1.      Federal and state law prohibit government officials from using the Establishment Clause as an excuse to abridge the free speech and religious free exercise rights of their employees.  Indeed, fewer than three years ago, in *Kennedy v. Bremerton School District*, the Supreme Court held that a public school violated the Constitution by terminating a football coach for praying in the presence of students when other staff were allowed to engage in their own personal expression.  597 U.S. 507 (2022).  Here, officials of the Consolidated School District of New Britain disregarded the plain import of *Kennedy* and punished Ms. Castro for displaying a crucifix in her personal space by her desk.  Other teachers, meanwhile, display in their classroom workspaces Wonder Woman action figures, images of Baby Yoda and Santa Claus, and other personal expressive items.  Yet only Ms. Castro has been suspended and threatened with termination.  The disparity of treatment here against religious expression makes this an easy case under *Kennedy*: if Defendants permit teachers to display personal expressive items like family

COMPLAINT

**JA13**

photos and inspirational quotes in their classrooms, they may not punish Ms. Castro for doing the same by hanging a crucifix in the personal workspace aside her desk.

## NATURE OF THE ACTION

2. Plaintiff Marisol Arroyo-Castro brings this action to enjoin Defendants' present violations of her rights to free speech and religious free exercise, and to prevent future infringements on those rights.

3. Defendants have punished and continue to punish Ms. Castro for engaging in private, non-coercive expression—specifically, hanging a crucifix among other personal items on the wall next to her desk—solely because her expression is religious and takes place on school property. This conduct, however, is protected by the First Amendment of the U.S. Constitution and Connecticut's Act Concerning Religious Freedom, Conn. Gen. Stat. § 52-571b(a)–(b) (2018). Ms. Castro's First Amendment rights are and continue to be violated as a result of Defendants imposing upon her an ongoing involuntary administrative leave.[1]

4. Ms. Castro brings this action for prospective injunctive relief against Defendants in their individual and official capacities. Ms. Castro also seeks attorneys fees and costs incurred in defending her constitutional rights as provided by federal law.

## PARTIES

5. Plaintiff Marisol Arroyo-Castro is a grandmother of five who has served as a professional educator for nearly 33 years. She is a resident of the city of New Britain, Connecticut, and a tenured teacher employed by the Consolidated School District of New Britain

---

[1] Ms. Castro was also docked two days' pay for her conduct, as alleged *infra* at ¶ 37. Since Ms. Castro is currently pursuing remedies for that harm through an administrative grievance process, she does not seek such monetary relief in this proceeding at this time. If the administrative process ultimately denies her such relief, Ms. Castro may seek to amend her complaint to seek relief from the Court.

(the "District").  As part of her employment with the District, she has taught various ages and grades at DiLoreto Elementary & Middle School ("DiLoreto") since 2004.

6.      Defendant Anthony Gasper is Superintendent of the Consolidated School District of New Britain.  Defendant Gasper serves as the Chief Executive Officer of the Board of the Consolidated School District of New Britain,[2] has unilateral authority over personnel assignments and suspensions in the District,[3] and has the power to commence termination proceedings against tenured public school teachers.[4]

7.      Defendant Maryellen Manning is Chief of Staff for Relationships and Accountability for the District.  Defendant Manning is Defendant Gasper's chief subordinate in personnel matters and has policymaking responsibility for the District as to personnel and disciplinary matters.

8.      Defendant Dario Soto is principal of DiLoreto Elementary & Middle School.

9.      Defendant Andrew Mazzei is vice principal of DiLoreto Elementary & Middle School.  Defendant Mazzei is Ms. Castro's immediate supervisor.

## **JURISDICTION**

10.      Ms. Castro brings claims for equitable relief against Defendants under 42 U.S.C. § 1983.  This Court thus has original federal-question jurisdiction under 28 U.S.C. § 1331.  Ms. Castro also brings claims for equitable relief under Conn. Gen. Stat. § 52-571b(c), over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

---

[2] Conn. Gen. Stat. § 10-157(a).
[3] Consolidated School District of New Britain, Board Policy Statement 2120.00 – Assignment and Organization of Personnel (Approved July 1, 2014), https://www.csdnb.org/pdf/Board-Policies/2000/2120.00-Assignment-Organization-Personnel.pdf.
[4] Conn. Gen. Stat. § 10-151(d).

---

COMPLAINT - 3

**JA15**

## VENUE

11.    The events giving rise to Ms. Castro's claims each occurred in the District of Connecticut and thus venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

12.    Ms. Castro is a tenured public-school teacher and grandmother of five who has educated students for over three decades.  According to her June 2024 evaluation, she is a "proficient" teacher who "holds [her class] to high expectations" and whose students "showed growth."  She has regularly received "proficient" or "exemplary" evaluations.

13.    After many years teaching 4th grade students at DiLoreto, Ms. Castro was assigned at the beginning of the fall 2024 semester to teach 7th grade social studies.

14.    Teachers at DiLoreto are permitted to engage in personal expressive conduct by displaying items, images, or quotes on or in the area immediately around their desks.  Examples of personally expressive items immediately around or on the desks of DiLoreto teachers (other than Ms. Castro) include the following:

    a.  action figures and images of Wonder Woman;[5]

    b.  a desk mat with images of Baby Yoda;[6]

    c.  a miniature picture of the Mona Lisa;[7]

    d.  a New England Patriots football team pennant;[8]

    e.  a Connecticut State University decal;[9]

    f.  photos of family and pets;[10]

---

[5] *See* Complaint Exhibit A.1.
[6] *See* Complaint Exhibit A.2.
[7] *See* Complaint Exhibit A.3.
[8] *See* Complaint Exhibit A.4.
[9] *See* Complaint Exhibit A.4.
[10] *See* Complaint Exhibits A.1, A.5, A.6, A.7.

COMPLAINT - 4

**JA16**

g.   inspirational phrases, such as "Yes you can!," "You are loved," "Keep calm and call Wonder Woman," and "Every Day Matters!"[11]; and

h.   other items with religious origins or connotations, such as a picture of Santa Claus,[12] a coffee mug with a citation to chapter 31 of the biblical book of Proverbs,[13] a photograph of a statue of the Virgin Mary,[14] and a Christmas tree.[15]

15.    For approximately ten years, Ms. Castro has displayed a small crucifix on the wall of her classroom next to her desk:



16.    A crucifix is a cross with the figure of Jesus suspended on it.

17.    The crucifix hung in a location vis-à-vis Ms. Castro's desk that is analogous to the area where other teachers display their personal items.  This year, the crucifix hung to the side of her desk, at the very bottom of an adjacent whiteboard.  *See* Complaint Exhibit B.  The crucifix

---

[11] *See* Complaint Exhibits A.1, A.2, A.5, A.8.
[12] *See* Complaint Exhibit A.5.
[13] *See* Complaint Exhibit A.7.
[14] *See* Complaint Exhibit A.6.
[15] *See* Complaint Exhibit A.9.

was placed off to the side and below the level of a nearby computer monitor, surrounded by student artwork and a calendar.  Ms. Castro also displayed in her room a New York Yankees team pennant.

18.     Ms. Castro sincerely considers the crucifix a part of her personal and religious identity.  The crucifix was given to her by the family of a deceased friend who gave it to her as a memento because, as a practicing Catholic, Ms. Castro was particularly likely to treasure it.

19.     Having the crucifix in her view at her desk brought Ms. Castro daily calm. Throughout her school days, looking at the crucifix provided her with peace and strength, especially when the (already stressful) task of teaching young students proved particularly challenging.  During her lunch breaks, rather than going to the teachers' lounge, she would remain at her desk, look at the crucifix, and pray.

20.     On December 3, 2024, Defendant Mazzei, in his capacity as vice principal, emailed Ms. Castro the following:

> Hi Ms. Castro, I hope this email finds you well. I wanted to reach out to discuss a concern that has been brought to my attention regarding a cross displayed in your classroom. Please know that this meeting is non-disciplinary in nature and is intended to review district policies to ensure clarity and consistency. If you would like, you are welcome to bring a union representative to the meeting for support. I have scheduled the meeting for Friday at 2:15 in my office….

21.     On Friday, December 6, 2024, Defendant Mazzei, in his capacity as vice principal, met with Ms. Castro per his email of December 3.  At the meeting, Defendant Mazzei instructed Ms. Castro to take down the crucifix by the following Monday.  Mr. Mazzei confirmed this directive with a follow-up email, which stated as follows:

> Hi Ms. Castro, Thank you for taking the time to meet with me today from 2:18 - 2:35, in a nondisciplinary meeting involving the permanent display of a religious symbol. During the meeting, which was attended by [your union representative], I shared that any permanent displays of religious symbols are prohibited from public schools, based on the First Amendment of the United States Constitution. I shared the cross you have displayed in your classroom behind your desk must be taken

---

COMPLAINT - 6

**JA18**

down by Monday. You inquired if you could "think about it or pray on it," which I replied that you could, however, it would not change the outcome of the meeting. Your next question was, "what if I don't take it down?" I replied that it would lead to insubordination and disciplinary measures. I understand that the conversation and situation is difficult and I thank you in advance for complying with the expectation to remove the permanent religious display as public schools may not erect any type of religious display on school property. I will stop by your room on Monday at 8:00 am to observe if the cross is still displayed. Thank you and have a great weekend.

22.     Ms. Castro did not take down the crucifix from the wall beside her desk.

23.     On Tuesday, December 10, 2024, Ms. Castro met with Defendant Mazzei; Defendant Soto, in his capacity as principal of DiLoreto Elementary & Middle School; and Defendant Manning, in her capacity as the District's Chief of Staff for Relations and Accountability.

24.     At the meeting, Defendant Manning directed Ms. Castro to remove the crucifix from the wall beside her desk, saying that a religious item could not be hung on the walls of public-school buildings.  Ms. Castro pointed out that other teachers kept their personal items near their desks.  But Defendant Manning refused to change her directive.

25.     Defendant Manning went on to state that Marisol's employer (i.e., Defendants) would never tell her exactly how to pray and to whom.  Yet she went on to suggest that Ms. Castro put the crucifix in a desk drawer, only to be pulled out when Ms. Castro wished to "ground herself."

26.     Defendant Soto pressured Ms. Castro to remove the crucifix from the wall by stating his religious opinion that Christians are to worship no "idols" and asking if Ms. Castro wanted to stay "true" to that as a Christian.

27.     At the end of the meeting, a compromise was seemingly reached among the participants: Ms. Castro could hang the crucifix in a way that was less visible to students but where Ms. Castro herself could still see it.

COMPLAINT - 7

**JA19**

28.     Following the meeting, all the attendees walked to Ms. Castro's classroom. There, Defendant Manning told Ms. Castro to attach the crucifix to the underside of her desk, by her legs.  In contrast, other DiLoreto teachers have not been forced to hide their personal items under their desks.

29.     Although shocked, Ms. Castro complied.  See Complaint Exhibit C.

30.     As soon as she put her hand on the crucifix to move it, Ms. Castro felt sick and grew distraught.  The other attendees left her sobbing only minutes before a scheduled parent-teacher conference.

31.     Ms. Castro left the crucifix under the desk that night.  But the next morning, Wednesday, December 11, 2024, Ms. Castro returned the crucifix to its place on the wall.  She did so out of personal conscience and sincere religious conviction that to do otherwise would be an affront to her faith.  Ms. Castro informed the Defendants of her decision.

32.     That same day, Defendant Manning issued a Letter of Reprimand to Ms. Castro stating that her actions were "insubordinate." *See* Complaint Exhibit D.  Additionally, the letter told her that Defendant Soto would come into her class at the end of the day to "assist [Ms. Castro] with removing the cross from [her] classroom."  Defendant Manning cc'd Defendants Gasper, Soto, and Mazzei, among others. Defendant Manning designated the letter to be included in Ms. Castro's disciplinary file.

33.     When he came into her class, Ms. Castro told Defendant Soto she would not remove the cross.  Defendant Soto stated that she must remove the cross to properly "live out [her] faith" and exhorted her to "give Caesar what is Caesar's."[16]

---

[16] *Mark* 12:17.

COMPLAINT - 8

**JA20**

34.     Defendant Soto then instructed her that if she did not take down the cross, the next morning she should not report to her classroom to teach but rather should come directly to the principal's office to meet.  Moreover, he said Ms. Castro could face suspension and eventually termination for being insubordinate.  The crucifix remained on the wall when Ms. Castro left her classroom that evening.

35.     On Thursday, December 12, 2024, Ms. Castro arrived at school and briefly stopped in her classroom to pick up some personal items.  She saw the crucifix had been removed from the wall.

36.     Ms. Castro then attended another meeting in the principal's office with Defendants Manning, Soto, and Mazzei.  At that meeting, Defendant Manning told Ms. Castro that a few days without pay would help her better "reflect" on whether it was in her "best interest" to keep hanging the crucifix on the wall.

37.     Making good on this threat, Defendant Manning issued a Notice of Suspension to Ms. Castro reiterating that her actions were "insubordinate."  *See* Complaint Exhibit E.  Ms. Castro was suspended without pay for two days and sent home with her crucifix in a box.  The Notice stated Ms. Castro could return to work on Monday, December 16, 2024, only under the condition that she agree to remove the crucifix from its location on the wall next to her desk. Defendant Manning cc'd Defendants Gasper, Soto, and Mazzei, among others. Manning designated the Notice to be included in Ms. Castro's disciplinary file.

38.     On Monday, December 16, 2024, Ms. Castro emailed the Defendants.  She wrote, *inter alia*, that she could not in good conscience return to school under the school's condition that she hide the crucifix:

On Thursday the 13th, I was suspended until I agreed to return to school but only hang the crucifix in what you all my "private space," *i.e.*, under my desk. I cannot

COMPLAINT - 9

**JA21**

in good conscience agree to return to school under that condition, which violates not only my faith but also my rights under the First Amendment of the Constitution.

\* \* \*

It is my understanding that your application of the Constitution is not only wrong but quite outdated, particularly in light of some recent Supreme Court decisions. In 2022 in *Kennedy v. Bremerton School District*, the United States Supreme Court made clear that it "long ago abandoned *Lemon* and its endorsement test offshoot," affirming that personal religious expression by public school employees does not violate the Establishment Clause. That same case held that school employees' First Amendment rights receive double protection under the Free Exercise and Free Speech Clauses, and the Court concluded that the football coach's postgame prayer at a time when coaches were free to attend to personal things was constitutionally protected – despite the fact that students could see his private religious expression.

\* \* \*

[G]uidance from President Biden's U.S. Department of Education [in 2023] explains: "In contexts where a school permits teachers, coaches, and other employees to engage in personal speech … it may not prohibit those employees from engaging in prayer [or other personal expression] merely because it is religious or because some observers, including students, might misperceive the school as endorsing that expression."[17]

The crucifix that I hang by my desk does not violate the Establishment Clause. In fact, it is protected by my free exercise and free speech rights. And I am also protected by Connecticut's [Act Concerning Religious Freedom].

39.     That same day, Ms. Castro was placed on paid administrative leave.

40.     Ms. Castro has been pressured by Defendants to resign or retire early and sign an agreement not to sue the District.  Upon information and belief, Defendants Gasper, Manning, Soto, and Mazzei have each been involved in these efforts to pressure Ms. Castro.

41.     Defendants Mazzei, Soto, Manning, and Gasper each threatened disciplinary action against Ms. Castro unless she agreed to conceal the crucifix underneath her desk or in a

---

[17] Department of Education, *Guidance on Constitutionally Protected Prayer and Religious Expression in Public Elementary and Secondary Schools* (2023), https://www.ed.gov/laws-and-policy/laws-preschool-grade-12-education/preschool-grade-12-policy-documents/guidance-on-constitutionally-protected-prayer-and-religious-expression-in-public-elementary-and-secondary-schools#:~:text=In%20contexts%20where%20a%20school,school%20as%20endorsing%20that%20expression.

COMPLAINT - 10

similarly hidden place.  In some cases, Defendants explicitly noted the possibility of suspension or termination for insubordination related to Ms. Castro's refusal to remove her crucifix.

42.     Upon information and belief, Defendants have not similarly disciplined other DiLoreto teachers for their personal displays.

43.     Still held on administrative leave, Ms. Castro attended a videoconference on January 24, 2025, with Defendant Gasper, in his capacity as Superintendent of the District; and Defendant Manning.  All parties were represented by counsel.

44.     Seven times, Defendant Gasper asked Ms. Castro whether she would continue to refuse to remove or relocate the crucifix to a hidden place in her classroom.[18]  And seven times, Ms. Castro confirmed she would not agree to removing or relocating the crucifix within the classroom so long as other teachers were permitted to keep personal expressive items in analogous locations.

45.     Based on Ms. Castro's responses, Defendant Gasper confirmed the imposition of administrative leave, where she remains today.

46.     Ms. Castro and her counsel have repeatedly raised to Defendants Ms. Castro's constitutional rights under *Kennedy v. Bremerton School District* and related law.

47.     As of January 30, 2025, Ms. Castro's school email address was de-activated.

48.     Upon information and belief, Defendants—particularly Defendants Gasper and Manning—are currently engaged in the process of terminating Ms. Castro from employment under the provisions of Conn. Gen. Stat. § 10-151(d).

---

[18] Defendants Gasper and Manning, through counsel, explicitly denied the meeting was held in response to potential litigation and disclaimed the application of Federal Rule of Evidence 408 (Inadmissibility of Compromise Offers and Negotiations).

COMPLAINT - 11

**JA23**

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF FEDERAL CONSTITUTIONAL RIGHT TO FREE EXERCISE AGAINST ALL DEFENDANTS

49.    Ms. Castro hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint as if set forth herein.

50.    Defendants, acting under color of state law, have violated and continue to violate Ms. Castro's federal constitutional right to freely exercise her religion, rendering Defendants liable under 42 U.S.C. § 1983.

51.    Made applicable to state actors by the Fourteenth Amendment, the First Amendment protects the free exercise of religion. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).

52.    When the government burdens a person's sincere religious practice in a way that is neither neutral nor generally applicable, the government has violated the U.S. Constitution's free-exercise guarantee unless the government demonstrates that its course was narrowly tailored to pursuing a compelling government interest. *See Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 531–32 (1993).

53.    Defendants have burdened Ms. Castro's sincere religious practice. For her peace of mind and spirit, Ms. Castro has long placed a crucifix beside her desk. Defendants put her to a choice: remove the crucifix or face discipline. Since Ms. Castro was unwilling to compromise her religious exercise: Defendants Mazzei and Soto began disciplinary proceedings against her; Defendant Manning suspended her without pay for two days and then placed her on indefinite administrative leave; and Defendant Gasper confirmed the administrative leave. Defendants have thus punished and continue to punish Ms. Castro for her religious practice, all for placing a crucifix beside her desk for her personal prayer and reflection.

COMPLAINT - 12

**JA24**

54.     Far from being neutral to religion, Defendants' actions have punished Ms. Castro precisely because of the religious nature of the crucifix.

55.     And far from being generally applicable, Defendants' actions have singled out Ms. Castro for discipline despite other teachers having their own personal expressive items (including some with religious origins and connotations) on display.

56.     Defendants cannot state a compelling government interest in precluding Ms. Castro from displaying a crucifix in her private workspace.  In their communications with Ms. Castro, Defendants have repeatedly stated just one reason for their actions—a concern that Ms. Castro's expression would make the school appear to endorse religion.  But the Supreme Court has rejected that erroneous understanding of the Establishment Clause.  *See Kennedy*, 597 U.S. at 532–536.  And Defendants have offered no other reason, let alone a compelling one, to justify punishing Ms. Castro for displaying a crucifix in her private workspace.

57.     Additionally, a free exercise violation occurs when the government has expressed hostility to the religious exercise it burdens.  *Id.* at 525 n.1 (quoting *Masterpiece Cakeshop, Ltd. v. Colo. C.R. Comm'n*, 584 U.S. 617, 639 (2018)).

58.     The comments by Defendant Soto particularly evince hostility towards Ms. Castro's Catholic faith.  On two occasions, he insinuated her crucifix was an "idol" not fit for worship.  When Ms. Castro resisted removing the crucifix, Defendant Soto stated that she must do so to properly "live out [her] faith." He also exhorted her to "give Caesar what is Caesar's."

59.     Accordingly, Defendants have violated and continue to violate Ms. Castro's federal constitutional rights to freely exercise her religion.  She prays for prospective injunctive relief against all defendants as authorized by 42 U.S.C. § 1983.

COMPLAINT - 13

**JA25**

60.    Furthermore, Defendant Gasper has the unilateral authority to begin termination proceedings against Ms. Castro under the provisions of Conn. Gen. Stat. § 10-151(d).

61.    As previously alleged, Defendant Gasper has and continues to violate Ms. Castro's federal constitutional rights to freely exercise her religion.  Ms. Castro has a reasonable fear that, absent injunctive relief, Defendant Gasper will initiate termination proceedings against her for insubordination.

62.    Ms. Castro thus prays for prospective injunctive relief against Defendant Gasper as authorized by 42 U.S.C. § 1983.

### COUNT II – VIOLATION OF FEDERAL CONSTITUTIONAL RIGHT TO FREE SPEECH AGAINST ALL DEFENDANTS

63.    Ms. Castro hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint as if set forth herein.

64.    Defendants, acting under color of state law, have violated and continue to violate Ms. Castro's federal constitutional right to free speech, rendering Defendants liable under 42 U.S.C. § 1983.

65.    Made applicable to state actors by the Fourteenth Amendment, the First Amendment protects freedom of speech.  *See Gitlow v. New York*, 268 U.S. 652, 666 (1925).

66.    Religious expression is protected by the Free Speech Clause of the First Amendment.  *Kennedy*, 597 U.S. at 523–524.

67.    Public employees such as school teachers retain free speech rights to personal expression even when on school grounds and during teaching hours.  Government officials violate those rights when they prohibit private expression without adequate justification. *Kennedy*, 597 U.S. at 527–528.

COMPLAINT - 14

**JA26**

68.     Expression is private when it is not within the ordinary scope of duty or otherwise does not owe its existence to the government.  *Id.* at 529.

69.     Defendants unconstitutionally prohibited Ms. Castro from displaying her crucifix in her personal space, a prototypical act of private speech.

70.     Defendants have not offered a valid justification for suppressing Ms. Castro's private speech.  Erroneous over-enforcement of the Establishment Clause is not a valid justification for restricting private religious speech. *See id.* at 532–536.  Nor is a concern that students or other staff would take offense at the sight of religious expression.  *Id*. at 538.

71.     Accordingly, Defendants have violated and continue to violate Ms. Castro's federal constitutional rights to free speech.  She prays for prospective injunctive relief against all defendants as authorized by 42 U.S.C. § 1983.

72.     Furthermore, Defendant Gasper has the unilateral authority to begin termination proceedings against Ms. Castro under the provisions of Conn. Gen. Stat. § 10-151(d).

73.     As previously alleged, Defendant Gasper has and continues to violate Ms. Castro's federal constitutional rights to free speech.  Ms. Castro has a reasonable fear that, absent injunctive relief, Defendant Gasper will initiate termination proceedings against her for insubordination.

74.     Ms. Castro thus prays for prospective injunctive relief against Defendant Gasper as authorized by 42 U.S.C. § 1983.

### COUNT III – VIOLATION OF CONNECTICUT'S ACT CONCERNING RELIGIOUS FREEDOM AGAINST ALL DEFENDANTS

75.     Ms. Castro hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint as if set forth herein.

76. By statute, Connecticut prohibits all its political subdivisions—including their officers or employees—from burdening someone's religious exercise, unless the government actor demonstrates that it has used "the least restrictive means" of furthering "a compelling government interest." Conn. Gen. Stat. § 52-571b(a)–(b), (f).

77. Defendants have burdened Ms. Castro's sincere religious practice. For her peace of mind and spirit, Ms. Castro has long placed a crucifix beside her desk. The District put her to a choice: remove the crucifix or face discipline. Since Ms. Castro was unwilling to compromise her religious exercise: Defendants Mazzei and Soto began disciplinary proceedings against her; Defendant Manning suspended her without pay for two days and then placed her on indefinite administrative leave; and Defendant Gasper confirmed the administrative leave. Defendants have thus punished and continue to punish Ms. Castro for her religious practice, all for placing a crucifix beside her desk for her personal prayer and reflection.

78. Defendants cannot state a compelling government interest in precluding Ms. Castro from displaying a crucifix in her private workspace. In their communications with Ms. Castro, Defendants have repeatedly stated just one reason for their actions—a concern that Ms. Castro's expression would make the school appear to endorse religion. But the Supreme Court has rejected that erroneous understanding of the Establishment Clause. *See Kennedy*, 597 U.S. at 532–536. And Defendants have offered no other reason, let alone a compelling one, to justify punishing Ms. Castro for displaying a crucifix in her private workspace.

79. Accordingly, Defendants have and continue to violate Connecticut's Act Concerning Religious Freedom.

80. Ms. Castro prays for prospective injunctive relief against all defendants as authorized by Conn. Gen. Stat. § 52-571b(c), (f).

---

**JA28**

81.     Furthermore, Defendant Gasper has the unilateral authority to begin termination proceedings against Ms. Castro under the provisions of Conn. Gen. Stat. § 10-151(d).

82.     As previously alleged, Defendant Gasper has and continues to violate Connecticut's Act Concerning Religious Freedom.  Ms. Castro has a reasonable fear that, absent injunctive relief, Defendant Gasper will initiate termination proceedings against her.

83.     Ms. Castro thus prays for prospective injunctive relief against Defendant Gasper as authorized by Conn. Gen. Stat. § 52-571b(c), (f).

## **REQUEST FOR ATTORNEYS FEES & COSTS**

84.     Ms. Castro is entitled to recover reasonable attorneys fees and costs under 42 U.S.C. § 1988(b), in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Castro hereby incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint as if set forth herein, and prays for relief as follows:

- Equitable relief enjoining Defendants or their agents from suspending, re-assigning, or otherwise disciplining Ms. Castro in any way for hanging her crucifix on her classroom wall aside her desk, in the same location as it was prior;

- A mandatory injunction against Defendants and their agents requiring them to take Ms. Castro off of administrative leave and assign her to return to full-time teaching, without any condition that she cease hanging her crucifix on her classroom wall aside her desk in the same location as it was prior;

- A mandatory injunction against Defendants and their agents requiring them to expunge any and all disciplinary records from Ms. Castro's files concerning her refusal to cease hanging her crucifix on her classroom wall aside her desk;

- Equitable relief enjoining Defendants and their agents from participating in any process of terminating Ms. Castro's contract as a tenured teacher with the Consolidated School District of New Britain based on her display of a crucifix;

COMPLAINT - 17

**JA29**

- A declaratory judgment that the actions of Defendants and their agents in disciplining Ms. Castro for her refusal to remove the crucifix from the wall aside her desk violate the United States Constitution and Connecticut law;

- Costs & attorneys fees;

- Any other relief deemed appropriate by this Court.


01/30/2025

By:    /s/ A. William Caporizzo
A. William Caporizzo, Bar No. 207995
*of attorneys for Plaintiff Marisol Arroyo-Castro*


A. William Caporizzo, Bar No. 207995
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6411
Facsimile: 1 617-526-5000
william.caporizzo@wilmerhale.com

Matthew Martens (*pro hac vice* forthcoming)
Alyssa DaCunha (*pro hac vice* forthcoming)
Jonathan Ellison (*pro hac vice* forthcoming)
Paul Piazza (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: 202-663-6921
matthew.martens@wilmerhale.com
alyssa.dacunha@wilmerhale.com

Jeremiah G. Dys (*pro hac vice* forthcoming)
Keisha T. Russell (*pro hac vice* forthcoming)
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, TX 75075
Telephone: 972-941-4444
krussell@firstliberty.org

COMPLAINT - 18

**JA30**

Rebecca R. Dummermuth (*pro hac vice* forthcoming)
FIRST LIBERTY INSTITUTE
1331 Pennsylvania Ave., N.W., Suite 1410
Washington, D.C. 20004
Telephone: 202-921-4105

**JA31**

# Complaint
# Exhibit A



Complaint Exhibit A.1

1. Inspirational Quote: "Be Kind"
2. Inspirational Quote: "Be Brave"
3. Inspirational Quote: "Make Everyday Count"
4. Wonder Woman Sticker
5. Wonder Woman Sticker
6. Wonder Woman Doll
7. Image of Wonder Woman and Batman
8. Wonder Woman Sticker
9. Inspirational Quote: "Keep Calm and Call Wonder Woman"
10.  Family Photos [redacted]



Complaint Exhibit A.2

1. Baby Yoda Sticker
2. Baby Yoda Desk Pad
3. Inspirational Quote: "La felicidad no
   es una meta, sino una actitud, se feliz
   [Happiness is not a goal, it is your
   attitude/actions, Be Happy]!"



1. Image of Mona Lisa



Complaint Exhibit A.4

1. Central Connecticut State University Flag
2. NFL New England Patriots Flag



Complaint Exhibit A.5

1. Family Photos [redacted]
2. Santa Claus
3. Inspirational Quote: "Every Day Matters…"



Complaint Exhibit A.6

1. Image of Virgin Mary
2. Family Photos [redacted]

Complaint Exhibit A.7

1. Pet Photo
2. Coffee Mug with Biblical Citation



Complaint Exhibit A.8

1. Inspirational Quote: "Yes You Can!"
2. Inspirational Quote: "You Are Loved"
3. Inspirational Quote: "Best Teacher Ever"
4. Inspirational Quote: "Bless you"



Complaint Exhibit A.9

1. Christmas Tree

JA42

Case 3:25-cv-00153  Document 1-2  Filed 01/30/25  Page 1 of 2

# Complaint
# Exhibit B



# Complaint
# Exhibit C



# Complaint

# Exhibit D



Redacted: Attorney/Client Privileged

Complaint Exhibit D

December 11, 2024

**Via E-Mail**

Subject: ***Letter of Reprimand (Teacher/DiLoreto)***

Dear Ms. Marisol Arroyo-Castro,
Yesterday you met with DiLoreto Principal, Dario Soto, Assistant Principal, Andrew Mazzei, AFT Union Representative Ed Leavy and me.  At this pre-disciplinary meeting we discussed the Establishment Clause of the First Amendment that says that the government cannot establish a religion.

Prior to yesterday's pre-disciplinary meeting your building administration met with you and informed you the following:

- Per legal statutes, schools should remain neutral when speaking of religion, so as to not have a perception of endorsing a particular religion.
- The placement of religious artifacts is not permitted in the workplace unless the artifact is being used within a BOE approved curriculum.
- This same principle holds true when speaking to students about a particular religion.
- You need to take the cross down.
- Further insubordination may lead to disciplinary consequences.

1 of 6

**JA47**

Because public schools are run by the government, this means that public schools are not allowed, legally, to take any actions that would be seen as establishing or promoting a religion. The following was discussed with you at yesterday's pre-disciplinary meeting pertaining to you as a CSDNB employee and the Establishment Clause of the First Amendment:

- The Establishment Clause includes *employees* of the public schools, including administrators *and teachers*.
- When a public school employee hangs a religious artifact in their classroom, it sends the message that the school district (which is an arm of the government) is promoting that religion, so putting that religious artifact on the wall of the school building is not legally permissible.
- You have told the administration that you are hanging this cross permanently.
- You have also told the administration that this cross is not tied to a specific curricular unit.
- This means that there is no pedagogical justification for hanging this cross.
- The Board of Education owns and controls the classroom walls.
  - So, by hanging this on the classroom wall, you are, in effect, saying that "the New Britain Board of Education endorses this religion."
  - That violates the Establishment Clause.

At yesterday's meeting we discussed your personal religious beliefs and strategies to support you in the classroom. Upon the conclusion of the meeting you were observed taking the cross off of your wall in the classroom and agreed to use it privately so it doesn't look like the school is endorsing or advancing that religion. This morning you communicated to the administration, stating you returned the cross to its original place (classroom

2 of 6

**JA48**

wall).

Mr. Soto will meet you in your classroom at the end of the day and assist you with removing the cross from your classroom wall.

**Outcome:**

The district finds your actions to be insubordinate. This letter is to serve as a documented reminder, specific to your employee obligations, so as to not violate the Establishment Clause. We expect all of our employees to follow our Service Excellence Standards: Integrity, Respect, Professionalism, Communication, Teamwork, and Accountability. Future insubordination that does not adhere to above, will result in further disciplinary action up to and including termination.

Sincerely,

*Maryellen Manning*

Maryellen Manning
Chief of Staff|Relationships & Accountability

Cc:

　　　Dr. Tony Gasper, Superintendent
　　　Evelise Velazquez, Deputy Superintendent
　　　Dario Soto, Principal
　　　Tyrone Richardson, Academics & Accountability Officer, 6-12
　　　Sue Saluru, Local 871 Union President
　　　Talent

　　　Personnel File

**Redacted: Attorney/Client Privileged**

3 of 6

**JA49**

# Complaint
# Exhibit E

JA50

Redacted: Attorney/Client Privileged

Case 3:25-cv-00153    Document 1-5    Filed 01/30/25    Page 2 of 4



Complaint Exhibit E

December 12, 2024

**Via E-Mail**

Subject: ***2-Day Suspension Notice (Teacher/DiLoreto)***
Dear Ms. Marisol Arroyo-Castro,
Today you met with DiLoreto Principal, Dario Soto, Assistant Principal, Andrew Mazzei, AFT Union Representative Ed Leavy and me. This morning Mr. Soto removed your religious artifact from the wall of your classroom since you did not follow yesterday's request, as well as previous requests from your employer to do so. When asked if you would comply with this, you stated you cannot.
You also stated in the meeting that your employer would not allow you to keep the cross in your classroom in a private space, to which we reminded you that we did indeed agree to that, and all members present in the meeting observed you placing it in a private area, only to have you communicate to us in writing you then returned it to your classroom wall.
At this meeting we again discussed the Establishment Clause of the First Amendment that says that the government cannot establish a religion because public schools are run by the government, this means that public schools are not allowed,

1 of 3

JA51

legally, to take any actions that would be seen as establishing or promoting a religion. When a public school employee hangs a religious artifact in their classroom, it sends the message that the school district (which is an arm of the government) is promoting that religion, so putting that religious artifact on the wall of the school building is not legally permissible.

**Outcome:**
*The district finds your actions to be insubordinate. You are suspended without pay on December 12th and December 13th.*

*You may return to work on Monday December 16th if you comply with the request from your employer.* If you are unwilling to do so, your actions will be deemed insubordinate and will result in further disciplinary action up to and including termination.

This letter is to serve as a documented reminder, specific to your employee obligations, so as to not violate the Establishment Clause. We expect all of our employees to follow our Service Excellence Standards: Integrity, Respect, Professionalism, Communication, Teamwork, and Accountability.

Sincerely,

*Maryellen Manning*
Maryellen Manning
Chief of Staff|Relationships & Accountability

Cc:

Dr. Tony Gasper, Superintendent
Evelise Velazquez, Deputy Superintendent
Dario Soto, Principal
Tyrone Richardson, Academics & Accountability Officer, 6-12
Sue Saluru, Local 871 Union President
Talent

Personnel File

2 of 3

**JA52**

Redacted: Attorney/Client Privileged

3 of 3

**JA53**

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Marisol Arroyo-Castro

## DEFENDANTS

Anthony Gasper, Maryellen Manning, Dario Soto, Andrew Mazzei

**(b)** County of Residence of First Listed Plaintiff  Hartford Cty, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Hartford Cty, CT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
A. William Caporizzo; Wilmer, Cutler, Pickering, Hale & Dorr LLP, 60 State Street, Boston, MA 02019; 617 526 6411

Attorneys *(If Known)*
Peter J. Murphy; Shipman & Goodwin LLP; One Constitution Plaza Hartford, CT 06103-1919; 860.251.5950

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. s1983

Brief description of cause:
Action for injunctive relief against unconstitutional abridgment of Free Expression and Free Speech

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
Preliminary Injunction

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
1/30/2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ A. William Caporizzo

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**JA54**

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**JA55**